IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNY FERNANDO DIAZ-MENDEZ,

Petitioner,

v.

E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-432-jdp

Petitioner Johny Fernando Diaz-Mendez, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. I take Diaz-Mendez to contend that Bureau of Prison officials have unlawfully denied him time credit under the First Step Act (FSA) based on an erroneous determination that one of his convictions makes him ineligible for that relief.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because Diaz-Mendez's conviction for an excluded offense makes him ineligible to earn FSA time credit.

BACKGROUND

In April 2024, in the Southern District of Iowa, Diaz-Mendez was indicted for: (1) possession with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and § 841(b)(1)(A); (2) carrying a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) and § 924(a)(8). *See United States v. Diaz-Mendez*, 24-cr-31 (S.D. Iowa), Dkt. 1; Dkt. 30 at 1; Dkt. 40 at 1–2. Diaz-Mendez pleaded guilty to each count. Dkt. 30 in the '31 case. He was sentenced to a total term of 180 months' imprisonment. *Id.* at 3. The total term consisted of 120-month concurrent sentences on counts one and three, and a consecutive 60-month sentence on the § 924(c) count. Diaz-Mendez is incarcerated at FCI Oxford, and his release date is December 26, 2036.

ANALYSIS

The FSA generally provides that certain federal prisoners who complete recidivism reduction programming may earn time credits to accelerate their placement in prerelease custody or supervised release. *See Alqsous v. Emmerich*, No. 25-cv-722-jdp, 2026 WL 125691, at *2 (W.D. Wis. Jan. 16, 2026). But the FSA provides that a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction [for certain listed offenses]." 18 U.S.C. § 3632(d)(4)(D).

I take Diaz-Mendez to contend that the BOP has unlawfully concluded that he is ineligible to earn FSA time credit because only one of his convictions is a disqualifying offense. *See* Dkt. 1 at 5–6, 8, 18. In other words, Diaz-Mendez contends that he is eligible to earn FSA time credit on his other two convictions.

Mendez-Diaz was convicted under § 924(c) of carrying a firearm during and in relation to a drug trafficking crime, and the FSA provides that a prisoner convicted of this offense is ineligible to earn time credit. § 3632(d)(4)(D)(xxii).

2

The FSA provides that a prisoner is ineligible to receive time credits if he "is serving a sentence for a conviction" listed in § 3632(d)(4)(D). The basic rule is that multiple federal sentences, whether consecutive or concurrent, are "treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). In other words, "§ 3584(c) directs the BOP to treat . . . a multiple-term sentence as a single, aggregate term of imprisonment." *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025). Consistent with § 3584(c), the BOP is treating Diaz-Mendez's three convictions as a single aggregate term of imprisonment. *See* Dkt. 1-1 at 4.

Under § 3632(d)(4)(D), a prisoner "'is serving a sentence for' *any* offense that is part of his aggregated term of imprisonment." *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d. Cir. 2025) (emphasis added). For FSA purposes, then, Diaz-Mendez is serving a sentence for the § 924(c) conviction, even though that sentence was imposed to run consecutively to his sentences on the other two counts.

Courts have almost unanimously concluded that a prisoner who is serving an aggregate sentence composed of disqualifying and non-disqualifying offenses is ineligible to earn FSA time credit. *See, e.g.*, *Giovinco*, 118 F.4th at 529; *Bonnie*, 157 F.4th at 618 (collecting cases); *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025); *Robinson v. Lillard*, No. 25-cv-709, 2026 WL 947899, at *4 (S.D. Ill. Apr. 8, 2026); *cf. United States v. Smith*, 54 F.4th 1000, 1003–04, 1006 (7th Cir. 2022) (stating, in a different context, that a prisoner convicted of multiple offenses, including a § 924(c) violation, would be ineligible for FSA time credit under § 3632(d)(4)(D)(xxii)).

I will dismiss the petition as plainly meritless.

ORDER

IT IS ORDERED that:

1.  Petitioner Johny Fernando Diaz-Mendez's petition, Dkt. 1, is DISMISSED with prejudice.

2.  The clerk of court is directed to enter judgment and close the case.

Entered July 21, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge